MAR 31 2009
JOHN F. [CORCORAN], CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5:06CR00057 |
| | ) | Civil Action No. 5:08CV80090 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMIE FRANCIS HURST, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Jamie Francis Hurst, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss to which Hurst has responded, making the matter ripe for disposition. For the following reasons, the government's motion will be granted and Hurst's motion will be denied.

## Background

On February 15, 2007, Hurst and three other defendants were charged in a six-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Hurst with conspiring to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846.

On February 27, 2007, Hurst pled guilty to Count One of the indictment, pursuant to a written plea agreement. Under the terms of the agreement, the government agreed to not file a notice of intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851. The government also agreed to recommend that Hurst receive a sentence reduction for acceptance of responsibility, and that she receive a sentence within the applicable guideline range. In exchange, Hurst "agree[d] to waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [her] by the Court." (Plea

Ag. at 4). Hurst also agreed to "waiv[e] [her] right to appeal any and all issues related to [her] guilty plea and sentencing." (Plea Ag. at 4). Additionally, both parties agreed that Hurst should be held responsible for more than five but less than twenty grams of crack cocaine.

Hurst was initially represented by Jay K. Wilk. In May of 2007, before Hurst was sentenced, Wilk died unexpectedly. Consequently, the court appointed R. Darren Bostic to represent Hurst.

A sentencing hearing was held on September 7, 2007. The court ultimately sentenced Hurst to a term of imprisonment of 60 months, the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(B). Hurst did not appeal her conviction or sentence.

Hurst filed the instant § 2255 motion on September 2, 2008. Liberally construed, the motion raises the following claims pertaining to counsel's performance at sentencing:

1. Counsel was ineffective in failing to pursue an objection to the presentence report that had been raised by previous counsel;[1]

2. Counsel was ineffective in failing to request a two-point reduction on the basis of Hurst's minor role in the conspiracy; and

3. Counsel was ineffective in failing to advise Hurst regarding the amendment to the sentencing guidelines pertaining to crack cocaine offenses.

The government has moved to dismiss the defendant's § 2255 motion. The matter is now fully briefed and ripe for review.

---

[1] Hurst does not identify the particular objection that she contends counsel should have pursued at sentencing. The court assumes, from reviewing the transcript of the sentencing hearing, that Hurst is referring to an objection to the quantity of drugs attributed to her in the presentence report. According to the transcript of the sentencing hearing, counsel chose not to pursue an objection to the drug quantity that had been previously raised by Wilk, since the defendant and the government had stipulated to the drug quantity in the plea agreement. As previously stated, both parties agreed that Hurst should be held responsible for more than five but less than twenty grams of crack cocaine.

2

## Discussion

The government first argues that Hurst's § 2255 motion must be dismissed because she waived the right to collaterally attack her conviction or sentence as part of the plea agreement. The government correctly points out that the United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). However, because the government has not submitted a copy of the transcript from Hurst's guilty plea hearing, the court is unable to adequately review the validity of the waiver in this case. See Id. at 221-223 (concluding that the district court was not required to hold an evidentiary hearing on the issue of whether the petitioner's waiver was knowing and voluntary, where the issue was conclusively established by the petitioner's assertions during his Rule 11 colloquy and his sentencing hearing).[2] Thus, the court will consider the merits of Hurst's claims.

In each of her claims, Hurst contends that counsel rendered ineffective assistance at sentencing. To succeed on a claim of ineffective assistance, a defendant must satisfy the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Specifically, a defendant must show: (1) that her counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-694. "Failure to make the required showing of either deficient

---

[2] The court notes that a copy of the transcript from Hurst's sentencing hearing was electronically docketed. However, the waiver of collateral attack rights was not discussed at that hearing.

3

Case 5:06-cr-00057-GEC-mfu    Document 187    Filed 03/31/09    Page 3 of 5    Pageid#: 438

performance or sufficient prejudice defeats [an] ineffective assistance claim." Id. at 700. Additionally, "[i]f the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

Having reviewed the record, the court concludes that Hurst has failed to satisfy the prejudice prong of the Strickland test. As previously stated, Hurst was sentenced to a term of imprisonment of sixty months, the statutory mandatory minimum term of imprisonment for the offense to which she pled guilty. See 21 U.S.C. § 841(b)(1)(B). Consequently, even if counsel had objected to the quantity of crack cocaine attributed to Hurst, or requested a two-level downward adjustment for her alleged minor role in the conspiracy, Hurst would not have received a lesser sentence. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Except upon motion of the Government on the basis of substantial assistance, a district court . . . may not depart below a statutory minimum.").

Likewise, Hurst cannot show prejudice from any alleged error by counsel in failing to advise her regarding the amendment to the sentencing guidelines pertaining to crack cocaine offenses. Although that amendment, Amendment 706, "altered the drug quantity table set forth in U.S.S.G. [United States Sentencing Guidelines Manual] § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels," United States v. Dunphy, 551 F.3d 247, 249 (4th Cir. 2009), it did not become effective until November 1, 2007, approximately two months after Hurst was sentenced. Moreover, while the United States Sentencing Commission has since voted to make Amendment 706 retroactive, Hurst is not entitled to a sentence reduction as a result of the amendment, since she was subject to, and

4

received, the statutory mandatory minimum term of imprisonment of sixty months. Simply stated, Amendment 706 does not affect the mandatory minimum penalty established by statute. See U.S.S.G. § 1B1.10 app. n. 1(A) (explaining that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," such as "a statutory mandatory minimum term of imprisonment").

## Conclusion

For the reasons stated, the court concludes that Hurst's claims of ineffective assistance are without merit. Accordingly, the court will grant the government's motion to dismiss and deny Hurst's § 2255 motion.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 30th day of March, 2009.

_____
United States District Judge